Vicki S. Veenker (158669)
Brian C. Cannon (193071)
Adam P. Noah (198669)
Michael C. Lee (204294)
**SHEARMAN & STERLING LLP**
1080 Marsh Road
Menlo Park, California 94025-1022
Telephone: (650) 838-3600
Facsimile: (650) 838-3699

Attorneys for Plaintiff
UTStarcom, Inc.



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTSTARCOM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>STARENT NETWORKS, CORP.,<br><br>  Defendant. | Case No.: C05 00710<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff UTStarcom, Inc. ("UTStarcom") for its complaint herein avers as follows:

### JURISDICTION AND VENUE

1.  This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

### INTRADISTRICT ASSIGNMENT

Pursuant to Civil L.R. 3-2(c), this patent infringement action falls within an excepted category of actions and therefore may be assigned on a district-wide basis.

## PLAINTIFF

4. UTStarcom is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business and worldwide headquarters located in this judicial district at 1275 Harbor Bay Parkway, Alameda, California 94502.

5. UTStarcom is a leader in the global telecommunications solutions market. UTStarcom designs, manufactures, sells, and installs wireless network solutions that enable wireless service providers to offer voice, data, and Internet access services rapidly and cost effectively. UTStarcom's customers include public telecommunications service providers that operate wireless voice and data networks throughout the world.

6. In May 2003, UTStarcom acquired selected assets of 3Com's CommWorks division, formerly known as 3Com's Carrier Networks Business. UTStarcom acquired CommWorks' portfolio of carrier-focused voice and data products, customer support, professional services, and intellectual property.

7. The CommWorks group has been integrated into UTStarcom to expand UTStarcom's capabilities to produce specialized hardware and software used for wireless data transmission. UTStarcom is a leader in providing equipment for wireless transmission of data to cellular service providers.

## DEFENDANT

8. Upon information and belief, Starent Networks, Corp. ("Starent") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 30 International Place, Tewksbury, Massachusetts 01876. Upon information and belief, Starent conducts business in the State of California and in this judicial district and has made public statements identifying an office in Walnut Creek, California.

9. Upon information and belief, Starent was founded in August 2000. Upon information and belief, from the time of its founding, certain key Starent employees were previously employed by the CommWorks group acquired by UTStarcom.

10. Gennady Sirota, believed to be one of the founders of Starent, was employed by CommWorks as Director of Product Management before he left in late 2000.

11. Matthew Harper was a Senior Engineer at UTStarcom before he left in fall 2000. Upon information and belief, he is currently employed by Starent.

12. Timothy Mortsolf was employed by CommWorks as a Senior Engineer before he left in early 2000. Upon information and belief, he is currently employed by Starent.

13. Steve Williams is a former employee of CommWorks. Upon information and belief, he has been employed by Starent and worked for Starent in California.

## THE PATENT IN SUIT

14. On December 4, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,829,473 ("the '473 patent"), entitled "Roaming And Handoff Support For Prepaid Billing For Wireless Date Networks." UTStarcom has title to the '473 patent. A copy of the '473 patent is attached as Exhibit A to this Complaint.

15. As the owner of the patent-in-suit, UTStarcom has the right to sue and recover for past, present, and future infringement of the patent in suit.

## PATENT INFRINGEMENT

16. Upon information and belief, Starent makes, uses, offers for sale, and sells wireless networking technology that enables data, voice, and media services, such as the ST-16 Intelligent Mobile Gateway.

17. Upon information and belief, Starent offers for sale, sells and has sold its wireless networking technology equipment, such as the ST-16 Intelligent Mobile Gateway, to wireless providers including Sprint, U.S. Cellular, Rural Cellular Corp., Virgin Mobile USA, China Unicom, and SK Telecom. Upon information and belief, Starent has deployed its ST-16 Intelligent Mobile Gateway to customers worldwide, including in the United States, Asia, and South America. Upon information and belief, Starent has at least one customer that has been using the ST-16 Intelligent Mobile Gateway in this judicial district.

18. Upon information and belief, the ST-16 Intelligent Mobile Gateway that Starent sells to its customers can be configured and sold as a network access device known as a PDSN for use within a mobile communications network. Upon information and belief, Starent provides instructions and the necessary technical support to enable its customers to operate the

ST-16 Intelligent Mobile Gateway as a PDSN, including its features and capabilities. Upon information and belief, these Starent activities and services occur both before and after the actual delivery of the ST-16 Intelligent Mobile Gateway to its customers.

19. Upon information and belief, Starent upgrades through software the capability of ST-16 Intelligent Mobile Gateway devices installed in customer networks that are configured as PDSNs.

20. Upon information and belief, Starent tests its PDSN software prior to delivery to a customer and also participates in interoperability testing to verify software functionality prior to delivery.

21. Upon information and belief, Starent has offered to provide to at least one of its customers a PDSN software upgrade providing prepaid billing functionality for the customer's installed PDSNs (hereafter "Prepaid Software Upgrade").

22. Upon information and belief, Starent's Prepaid Software Upgrade offer includes the offer to develop and test software code prior to delivery and installation. Further, upon information and belief, Starent's offer includes supporting interoperability testing of the Prepaid Software Upgrade. For at least three months, Starent has been in active negotiations concerning the specifics of its development services for this upgrade. Those negotiations have included the exchange of comments on detailed technical specifications for this upgrade.

23. Upon information and belief, Starent has been and is infringing the '473 patent.

24. As a direct and proximate result of Starent's infringement, UTStarcom has been and continues to be damaged in its business and property in an amount to be determined at trial.

25. UTStarcom has been and continues to be irreparably harmed by Starent's infringement of the '473 patent. Starent's activities of infringement will continue unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff UTStarcom prays for:

A. A declaration and judgment that UTStarcom has the right to recover for any and all infringement of the '473 patent, that the '473 patent is valid and enforceable, and that Starent has infringed the '473 patent;

B. Judgment and relief that Starent, its officers, agents, servants, employees, parent, subsidiary and affiliate corporations or other business entities, and all other persons acting in concert, participation or privity with them, and their successors and assigns be preliminarily and permanently enjoined and restrained from further infringement of the '473 patent;

C. An accounting for the damages to UTStarcom arising out of Starent's activities of infringement, together with interest and costs, and judgment that such damages be awarded to UTStarcom;

D. Judgment that UTStarcom be awarded its attorney fees and expenses in this action as provided by 35 U.S.C. § 285; and

E. Judgment that UTStarcom be awarded all such other and further relief as the Court may deem just and proper.

## CERTIFICATION OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:     February 16, 2005

SHEARMAN & STERLING LLP

By: _____
Vicki S. Veenker

Attorneys for Plaintiff
UTStarcom, Inc.